DLM

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**DIANA HUDON**
Plaintiff

v. C.A. NO.

**AMERICAN CANADIAN CARIBBEAN LINE, INC.**
Defendant

CA 08 127ML

**VERIFIED COMPLAINT**

INTRODUCTORY STATEMENT/NATURE OF THE ACTION

This action is commenced by **DIANA HUDON** (hereinafter "Plaintiff" or "HUDON") against **AMERICAN CANADIAN CARIBBEAN LINE, INC.** (hereinafter "Defendant" or "Employer") in order to remedy and seek relief for sexual harassment and discrimination based on gender, and retaliation in regard to terms, conditions, and privileges of employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.; the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws 28-5-1 et seq. ("RIFEPA"), and the Rhode Island Civil Rights Act of 1990, R.I. Gen. Laws 42-112-1 et seq. ("RICRA"), including certain common law claims.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 2201, and 2202; 42 U.S.C.S. §§2000e-1 et seq.; R.I.G.L. 42-112-2; R.I.G.L. 28-5-24.1.

2. Considerations of judicial economy, convenience, and fairness to the litigants warrant exercise of this court's supplemental jurisdiction with respect to Plaintiff's federal law claims. Plaintiff's state claims are so related to Plaintiff's federal claims that they form part of the same case or controversy. This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367(a).

3. Pursuant to 28 U.S.C. 1391(b) and (c) and 42 U.S.C. 2000e-5(f)(3), venue is proper in this district because:

a. The alleged unlawful practices occurred and/or are continuing to occur within the State of Rhode Island, and in this judicial district;

b. all records relevant to the alleged unlawful practices are maintained and administered in the Defendant's executive offices and place of business: AMERICAN CANADIAN CARIBBEAN LINE, INC., located at 11 Division Street; Bristol, R.I. 02809.

c. the Plaintiff would currently be enjoying all rights, benefits, and privileges of her employment, as a full-time employee of Defendant, but for the Defendant's unlawful practices.

4. On or about August 20, 2007, Hudon filed a formal Charge of Discrimination with the Rhode Island Commission for Human Rights ("RICHR") and the U.S. Equal Employment Commission ("EEOC"), alleging that she had been subjected to acts of sexual harassment and had been discriminated against on the basis of her gender—RICHR #08ESH052-11/37; EEOC #16J-2007-00394.

5. The RIHRC and the EEOC subsequently issued Notice of Right To Sue. (Attachment A&B.)

6. Plaintiff has filed this action within ninety (90) days of her receipt of federal and state Right To Sue notifications, and has fulfilled all conditions precedent to the institution of this action under federal and/or state law.

**THE PARTIES**

7. The Plaintiff, Diana Hudon ("Hudon" or "Plaintiff"), an individual, is a resident of the town of Bristol, Rhode Island.

8. Plaintiff Hudon is a "person" within the meaning of R.I.G.L. §§28-5-6 (1) and R.I.G.L. 42-112-1, et seq.; is an employee within the meaning of 42 U.S.C.S. 2000e(f) and R.I.G.L. 28-5-6 (C); and is an "individual" within the meaning of 42 U.S.C. 2000e-2(a).

9. On information and belief, the Defendant, American Canadian Caribbean Line, Inc. ("Defendant" or "the Employer"), is a domestic corporation with a principal place of business in Warren, Rhode Island, in business for the purpose of operating a small ship cruise line involved in interstate commerce.

10. At all times material to the allegations of this Complaint, Defendant has continuously, and does now, employ at least 50 or more employees in the State of Rhode Island.

11. At all times material to the allegations of this Complaint, the Defendant has continuously been engaged in an industry affecting commerce within the meaning of pertinent federal statutes.

12. At all times material to the allegations of this Complaint, the Defendant was and is an "Employer" or otherwise comes within the provisions of federal and state statutes pertinent to this action, including the RIFEPA, Title VII, the Rhode Island Civil Rights Act, and any other pertinent statutes.

13. Hudon is an "individual" within the meaning of pertinent provisions defining that term under pertinent federal and state statutes and as that term in applicable to pertinent provisions of Title VII.

14. At all times material to this action, the Defendant was an Employer or is otherwise subject to the provisions of R.I.G.L. § 42-112-1 et seq. (The Rhode Island Civil Rights Act of 1990) and R.I.G.L. § 28-5-1- et seq. (The Rhode Island Fair Employment Practices Act). At all times material to this action, Plaintiff was protected under the terms of R.I.G.L. § 42-112-1 et seq. and R.I.G.L. § 28-5-1 et seq.

## FACTS APPLICABLE TO EACH COUNT

15. Plaintiff is a female.

16. Plaintiff worked for the above-referenced Employer for approximately three (3) months.

17. Plaintiff was terminated in June of 2007, based on the Employer's claim that she took too many sick days and received too many phone calls.

18. Plaintiff categorically denies any wrongdoing with respect to these matters and received no prior warnings on her work performance or attendance.

19. In fact, during her tenure of employment, she developed a positive employment record, at all times meeting the Employer's expectations.

20. During Plaintiff's tenure of employment, certain incidents occurred which implicate that the Employer's explanation for her termination was pre-textual, and in retaliation for Plaintiff objecting to what she reasonably believed to be inappropriate workplace conduct.

21. Plaintiff was compelled to work in a hostile environment, characterized by conduct of an egregious, sexually-oriented nature perpetrated by her former supervisor.

22. Specifically, Plaintiff received "e-mail" images of a grossly pornographic nature, transmitted to her cell phone by her former supervisor.

23. Plaintiff objected regarding such misconduct, made it clear that she did not welcome or condone such behavior, and that she found such conduct offensive.

24. Soon after complaining regarding such misconduct, Plaintiff was summarily terminated from her position.

25. Plaintiff did not participate in the conduct referenced in Paragraph 21-22, above, did not invite it, and was deeply offended by it.

26. The Defendant has intentionally and willfully engaged in a series of unlawful acts, practices, policies, and procedures in violation of state and federal law intended to prevent employment discrimination based on gender, and have retaliated against the Plaintiff for reporting what she reasonably perceived to be misconduct in the workplace.

27. The Defendant's conduct reflects, in both purpose and effect, a blatant, willful, and/or malicious pattern of discrimination and unlawful treatment against the Plaintiff. Such conduct has involved an intentional, reckless, and/or callous indifference to the statutorily protected rights of the Plaintiff. The Defendant knowingly and

purposefully subjected the Plaintiff to humiliating discriminatory and unlawful treatment as a result of her gender.

28. On information and belief, and at all times pertinent to this Complaint, managers and supervisors engaging in discriminatory workplace treatment of the Plaintiff, were each a person acting in furtherance of the interest of, on behalf of, and as the agent of Defendant, with respect to the allegations of this Complaint, and the Defendant knew or should reasonably have known of their unlawful conduct.

29. The wrongful actions by the Defendant that Hudon complained of herein were taken without justification, excuse, or defense, but rather were taken in a purposefully discriminatory and unlawful manner, and have caused the Plaintiff lost employment, lost wages, lost benefits, humiliation, embarrassment, emotional and physical harm, and other damages.

## COUNT I

## DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
## HOSTILE ENVIRONMENT
## TERMINATION
## AND RETALIATION BASED ON GENDER
## RHODE ISLAND CIVIL RIGHTS ACT OF 1990
## R.I.G.L. 42-112-1 ET SEQ.

30. Paragraphs 1-29, above, are herein incorporated by reference in their entirety.

31. By its conduct, Defendant has discriminated against Plaintiff on the basis of her sex, in the terms and conditions of her employment, in violation of the Rhode Island Civil Rights Act of 1990, R.I.G.L. 42-112-1 et seq., by:

a. interfering with her right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender;

b. depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

c. treating her in a hostile manner, and forcing her to work in a hostile, demeaning, and sexually-threatening environment based on her sex; and

d. causing her lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to her reputation and professional mobility.

32. As the direct, foreseeable, and intended result of Defendant's unlawful discrimination, Plaintiff has suffered lost wages, benefits, irreparable harm to her good and valuable personal and professional reputation, as well as other damages, now and in the future, including severe and extreme emotional distress, with resulting physical and emotional manifestations.

33. The unlawful practices engaged in by the Defendant was motivated by

impermissible and unlawful considerations concerning Hudon's gender. Such practices include, but are not limited to, Defendant's:

a.) subjecting Hudon to discriminatory terms and conditions of employment because of her gender, and creating and tolerating a hostile work environment;

b.) retaliating against Hudon for asserting her rights to be free from discrimination based on gender;

c.) terminating Hudon.

34. But for the Defendant's intent to discriminate against Plaintiff because of her gender, Defendants would not have subjected her to discriminatory terms and conditions of employment, created and tolerated a hostile work environment, retaliated against her, or terminated her.

35. The Defendant purposefully, maliciously, and without justification or excuse, took discriminatory action with respect to Plaintiff's employment because of Plaintiff's gender. The Defendant's conduct has unlawfully denied Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused harm to her reputation; and has caused her humiliation, as well as physical and/or emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT II**

**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT HOSTILE ENVIRONMENT UNLAWFUL TERMINATION AND RETALIATION BASED ON GENDER**

**RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT R.I.G.L. § 28-5-1 et seq.**

36. Paragraphs 1-29 above are herein incorporated by reference in their entirety.

37. Defendants willfully engaged in a policy or practice of discriminating against Plaintiff in violation of the RIFEPA.

38. The Defendant's discriminatory conduct, policies, and practices are violative of the provisions of the RIFEPA by:

a.) interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender;

b.) depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

c.) treating her in a hostile, demeaning, and otherwise unlawful manner based on her gender;

d.) causing her lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to her personal and professional reputation.

39. The unlawful practices engaged in by the Defendant was motivated by impermissible and unlawful considerations concerning Hudon's gender. Such practices include, but are not limited to, Defendant's:

a.) subjecting Plaintiff to discriminatory terms and conditions of employment;

b.) creating and/or tolerating a work environment hostile towards Plaintiff on the basis of her gender;

c.) retaliating against Plaintiff for asserting her rights to be free from discrimination based on gender; and

d.) terminating Plaintiff.

40. But for the Defendant's intent to discriminate against Plaintiff because of her gender, Defendants would not have subjected her to discriminatory terms and conditions of employment, forced her to work in a sexually hostile environment, or retaliated against her by terminating her for attempting to assert her right to be free from workplace conduct made unlawful by the RIFEPA.

41. The Defendant's conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the

employment relationship to which she was entitled; has caused irreparable harm to her reputation and professional mobility; and has cause her extreme humiliation, as well as physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

## COUNT III

## DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT HOSTILE ENVIRONMENT UNLAWFUL TERMINATION AND RETALIATION BASED ON GENDER

## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 42 U.S.C. §2000, ET SEQ.

42. Paragraphs 1-29 above are herein incorporated by reference in their entirety.

43. The Defendant willfully engaged in a policy or practice of discriminating against Plaintiff in violation of Title VII.

44. The Defendant's discriminatory conduct, policies, and practices are violative of the provisions of Title VII, by:

e.) interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender;

f.) depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

g.) treating her in a hostile, demeaning, and otherwise unlawful manner based on her gender;

h.) causing her lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to her person and professional reputation.

45. The unlawful practices engaged in by the Defendant were motivated by impermissible and unlawful considerations concerning Hudon's gender. Such practices include, but are not limited to, Defendant's:

a.) subjecting Plaintiff to discriminatory terms and conditions of employment;

b.) creating and/or tolerating a work environment hostile towards Plaintiff on the basis of her gender;

c.) retaliating against Plaintiff for asserting her rights to be free from discrimination based on gender; and

d.) terminating Plaintiff.

46. But for the Defendant's intent to discriminate against Plaintiff because of her gender, Defendant would not have subjected her to discriminatory terms and conditions of employment, forced her to work in a sexually hostile environment, or

retaliated against her by terminating her for attempting to assert her right to be free from workplace conduct made unlawful by Title VII.

47. The Defendant's conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused irreparable harm to her reputation and professional mobility; and has cause her extreme humiliation, as well as physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant, in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant, and in favor of Plaintiff for all damages and equitable relief available, including, but not limited to:

a.) an order that the Defendant institute and carry out practices, policies and programs which provide equal employment opportunities to qualified individuals, regardless of gender;

b.) an order that the Defendant make whole the Plaintiff with appropriate promotional opportunities, lost earnings, back-pay, front-pay, the value of lost benefits,

and interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

c.) an order that the Defendant make whole the Plaintiff by providing for any additional pecuniary losses and compensation for the damage done to her valuable reputation, in amounts to be determined at trial;

d.) an order that the Defendant make whole the Plaintiff by providing compensation for non-pecuniary losses, including but not limited to emotional pain, suffering, humiliation, and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages pursuant to R.I.G.L. § 28-50-4, 42-112-2, and 28-5-24;

e.) grant attorney's fees and the costs of this action;

f.) grant punitive or exemplary damages, as appropriate to punish the Defendant for its malicious conduct and/or for its reckless and/or callous indifference to the statutorily protected rights of the Plaintiff, including an appropriate award pursuant to R.I.G.L. § 28-50-4, 42-112-2, and 28-5-1;

g.) grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date this cause of action accrued, pursuant to R.I.G.L.§ 9-21-10;

h.) grant such further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury of all issues pertinent to the causes in this Complaint triable as of right by jury.

Verification

I hereby verify that the above information is true and correct to the best of my knowledge and recollection.

Diana Hudon ____________ (Signature) 4/9/08 ________ (Date)

Notarized Before me on this 9th date of April, 2008

________________ (Notary Public) My Commission Expires 8/13/11

Respectfully Submitted,
Diana Hudon
By Her Attorney,

/s/ Stephen T. Fanning
Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250
401-272-4520 (FAX)