UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**DIANA HUDON**
Plaintiff

v. C.A. NO. 08-127 ML

**AMERICAN CANADIAN CARIBBEAN LINE, INC.**
Defendant

## STATEMENT FOR RULE 16 CONFERENCE

### I. INTRODUCTORY STATEMENT/NATURE OF THE ACTION

This action was commenced by Diana Hudon (hereinafter "Plaintiff" or "Hudon") against American Canadian Caribbean Line, Inc. (hereinafter "Defendant" or "Employer") in order to remedy and seek relief for alleged sexual harassment and discrimination based on gender, and retaliation in regard to the terms, conditions, and privileges of employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.; the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws 28-5-1 et seq. ("RIFEPA"), and the Rhode Island Civil Rights Act of 1990, R.I. Gen. Laws 42-112-1 et seq. ("RICRA").

### II. STATEMENT OF FACTS

Plaintiff, a female, worked for the Employer for approximately three (3) months. Plaintiff was terminated in June of 2007, based on the Employer's claim that she took too many sick days and received too many phone calls. Plaintiff categorically denies any wrongdoing with respect to these matters and received no prior warnings on her work

performance or attendance. It is Plaintiff's position that she developed a positive employment record throughout her employment, meeting the Employer's expectations at all times.

During Plaintiff's tenure of employment, certain incidents occurred which implicate that the Employer's explanation for her termination was pre-textual, and in retaliation for Plaintiff objecting to what she reasonably believed to be inappropriate workplace conduct. Plaintiff alleges in her Complaint that she was compelled to work in a hostile environment, characterized by conduct of an egregious, sexually-oriented nature perpetrated by her former supervisor. Specifically, Plaintiff received images of a grossly pornographic nature and certain inappropriate text messages transmitted to her cell phone by her former supervisor. Plaintiff objected regarding such misconduct, made it clear that she did not welcome or condone such behavior, and that she found such conduct offensive. Soon after complaining regarding such misconduct, Plaintiff was summarily terminated from her position. Plaintiff did not participate in the above-referenced inappropriate conduct, did not invite it, and was offended by it.

## III. PERTINENT LAW

This case will be argued pursuant to the basic elements established in U.S. Supreme Court decisions analyzing sexual harassment and retaliation in the workplace and pertinent EEOC guidelines. *See* **Meritor Savings Bank v. Vinson**, 477 U.S. 57, 106 S. Ct 2399 (1986); **Burlington Industries v. Ellerth**, 524 U.S. 742, 118 S. Ct. 2257 (1998); **Faragher v. City of Boca Raton**, 524 U.S. 775 (1998); **EEOC Notice** #915.002 et seq. (June 18,1999). With respect to Plaintiff's state and federal claims the basic

analysis will be the same. *See for example*, **Ward v. City of Pawtucket Police Department** 639 A2d 379 (RI 1994).

This matter presents a dispute on the pertinent and material facts relevant to the issue of whether or not the Defendant had a legitimate and nondiscriminatory reason for its treatment of the Plaintiff. Applicable in this case is the burden-shifting analysis first established by the Supreme Court in **McDonnell Douglas Corp. v. Green**, 411 US 792 (1973). See also **Feliciano de la Cruz v. El Conquistador Resort & Country Club**, 218, F.3d 1,6 (1st Cir. 2000). Under that analysis, Plaintiff can make a *prima facie* showing of discrimination based on the evidence that she received inappropriate sexually-oriented images and messages from her supervisor, that she complained about this conduct and, as a result, suffered an adverse job action.

Once Plaintiff has established her *prima facie* case, an inference of discrimination arises. See **Hodges v. General Dynamics, Corp.**, 144 F.3d 151, 165-66 (1st Cir. 1998) The Defendant must then offer a nondiscriminatory reason for the employment action in question. See **Bishop v. Bell Atlantic Corp.**, 229 F.3d 53, 58 (1st Cir. 2002) In the instant case, the Defendants contend that Plaintiff was terminated for legitimate reasons. Having proffered an alleged nondiscriminatory reason for Plaintiff's discharge, the Plaintiff must then prove sufficient facts to support a finding that the adverse employment action was the result of discriminatory animus. See **Feliciano de la Cruz**, supra, 218 F.3d at 6.

Evidence that the Employer's stated reasons were pre-textual can be sufficient for a jury to infer discriminatory animus. See **Gonzalez v. El Dia, Inc.**, 304 F.3d 63, 69 (1st Cir. 2002) Pretext can be proven in several different ways. See **Santiago-Ramos v.**

**Centennial P.R. Wireless Corp.**, 217 F.3d 46, 55 (1st Cir. 2000). In the instant case, there is significant disputed factual evidence to the effect that Plaintiff was terminated not for reasons of misconduct, but because she complained about a hostile work environment.

Plaintiff will also demonstrate pretext by showing that the employer's proffered explanation for its decision to terminate Plaintiff is unworthy of credence. **Reeves v. Sanderson Plumbing Prods., Inc.**, 530 U.S. 133, 143 (2000) This fact alone gives rise to a sufficiently material factual dispute warranting resolution at trial of the issue of the employer's true motivation in terminating Plaintiff. There is no mechanical formula for finding pretext. **Feliciano de la Cruz, supra,** 218 F.3d at 6. It is the type of inquiry where "everything depends on the individual facts." **Thomas v. Eastman Kodak Co.**, 183 F3d 38, 57 (1st Cir. 1999) In the instant case, the material facts pertinent to the Employer's decision to terminate the Plaintiff is disputed. The Court has consistently held that determinations of motive and intent, particularly in discrimination cases, are questions better suited for the jury, in that proof is generally based on inferences that must be drawn, rather than on the proverbial "smoking gun." **Hodgens v. General Dynamics, Inc., Corp.**, 144 F3d 151, 167 (1st Cir. 1998); see also **Petitti v. New England Tel. &n Tel. Co.**, 909 F.2d 28, 34 (1st Cir. 1990).

IV. TRIAL ISSUES:

No unusual trial issues are anticipated. This case presents a straightforward example of hostile environment sexual harassment, and retaliation.

V. PROCEEDINGS TO DATE:

The Parties have not engaged in settlement negotiations. The Defendant has served the Plaintiff with two sets of Interrogatories and Requests for Production. The Plaintiff has responded to these requests. The Plaintiff is in the process of preparing Interrogatories and Request for Production for the Defendant. No depositions have been scheduled to date. The Plaintiff is open to participating in the Court's alternative dispute resolution program.

Respectfully Submitted,
Diana Hudon
By Her Attorney,

/s/ Stephen T. Fanning
Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250
401-272-4520 (FAX)

Certification

I hereby certify that a true and accurate copy of the above was served on counsel for the Defendant, Michael F. Kraemer, Hinckley, Allen and Snyder, 50 Kennedy Plaza, Suite 1500, Providence, RI 02903 on this 25th day of August, 2008, by the Court's electronic transmission system, mkraemer@haslaw.com .

/s/ Stephen T. Fanning