UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DIANA HUDON | : | |
| | : | |
| vs. | : | C.A. No. 08-127 ML |
| | : | |
| AMERICAN CANADIAN CARIBBEAN LINE, INC. | : | |

THIS IS A MOTION FOR EXPEDITED RELIEF

MOTION TO COMPEL DISCOVERY

Defendant, American Canadian Caribbean Line, Inc., moves this Court on an expedited basis to compel plaintiff, Diane Hudon, to produce her cell phone at the office of defense counsel so that defendant can have information technology experts inspect and access all multi media messages (MMSs) and text messages (TMs) contained in the cell phone and access their travel. This motion has been filed on an expedited basis, because mediation has been scheduled before Mediator Berry Mitchell on September 25, 2008, in accordance with the order entered by the Court on August 26, 2008. In support of its motion, defendant states as follows:

1. This is a hostile work environment discrimination/retaliation action brought by plaintiff against her former employer, under Title VII of the Civil Rights Act of 1964 and under Rhode Island law.

2. Plaintiff claims in this action that she was subject to a hostile work environment on account of two photographs sent by multi media messaging to her personal cell phone and four text messages also sent to her personal cell phone.

3. Defendant, in its second request for production under Rule 34, requested "all cell phones you [plaintiff] used from the date of hire by defendant through

December 31, 2007." Plaintiff responded: "The plaintiff's cell phone is available for inspection at a mutually convenient place and time for the Parties."

4. At the Rule 16 conference conducted by the Court on August 26, 2008, the parties agreed to participate in a mediation to be concluded by the end of September, in an effort to resolve this action. The parties also agreed to defer further discovery until after the mediation, except that defense counsel requested that he be provided plaintiff's cell phone immediately after Labor Day in order to have time for information technology experts to access the text messages and multi media messages received and sent by the cell phone and their travel. Plaintiff's counsel agreed to this request during the conference.

5. Defense counsel, on the Tuesday after Labor Day, sent an e-mail to plaintiff's counsel asking when he could expect to receive plaintiff's cell phone. Plaintiff's counsel responded by e-mail, indicating "you can come to the office to inspect the Plaintiff's cell phone anytime from 10:00 a.m. to the end of the day on 9/9, 9/12, 9/16 or from 10:00 a.m. – 12:00 p.m. on 9/11. Please let me know so I can inform my Client."

6. Defense counsel requires that the cell phone be produced at his office, since IT personnel must review the cell phone, and that needs to be done with equipment at the law firm. He therefore responded as follows: "The cell phone needs to be examined by our IT personnel, with our equipment, in our office. The examination may take more than one day to complete. When can you provide the cell phone for examination?"

7. Plaintiff's counsel has refused to provide the cell phone "under those circumstances." Indeed, plaintiff's counsel wrote by e-mail on September 3, 2008, "I am not sure the purpose of your request, is there any dispute that these messages were sent and received? Why is this request relevant?"

8. Defense counsel promptly explained the relevance as follows:

> "It seems to me that the relevance of the cell phone is obvious. Plaintiff's claim, as far as I can tell, is that two multi media messages and two or three text messages were sent to her cell phone by the individual who was plaintiff's supervisor. While defendant does not dispute that the two MMS' were sent, the rest of the claims are in dispute. Defendant is entitled to discovery as to the existence and travels of those messages, and any related messages, from plaintiff's cell phone. We intend to have IT personnel examine the phone, and Rule 26 envisions such discovery.
>
> My recollection is that plaintiff agreed to produce the cell phone. Indeed, this was discussed at the conference last week before Judge Lisi. If plaintiff is now reneging on that agreement, let me know and I will take it up directly with the Court."

9. Plaintiff's counsel responded by e-mail, also on September 3, 2008, indicating his disagreement as to the relevance of the information defendant seeks from the cell phone, and advised that "you may of course assert your position before the Court."

10. Rule 34 entitles a party to "inspect, copy, test, or sample . . . any designated documents or electronically stored information . . .stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form." Rule 34(a)(1). The rule further provides that a party "may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Rule 34(a)(2).

11. Rule 34 has been interpreted to allow a party to inspect test, and evaluate the adverse party's computer directly. *G.D. vs. Monarch Plastic Surgery, PA*, 239 FRD 641 (D.C. Kan. 2007); *Playboy Enterprises Inc. v. Wellis*, 60 F.Supp.2d 1050 (D.C. Cal. 1999).

12. Since the text messages and multi media messages at issue are at the heart of plaintiff's hostile work environment claim, defendant should not have to participate in a settlement conference without having an opportunity to access plaintiff's cell phone, as explicitly agreed by the parties before the Court at the Rule 16 conference on August 26, 2008. Whether plaintiff has reneged on that commitment because the information contained in the cell phone would be prejudicial to her position, or whether she has destroyed the data thereby raising a spoilation of evidence issue, is unknown at this time. There is, however, ample time for plaintiff to produce the cell phone and for information technology experts to access the cell phone messages in advance of the mediation scheduled for September 25, 2008.

WHEREFORE, defendant requests that the Court enter an order directing plaintiff to produce her cell phone at the office of defense counsel no later than September 15, 2008, in order for defendant to inspect, copy, test, or sample the electronic transmissions stored therein in accordance with Rule 34.

AMERICAN CANADIAN CARIBBEAN LINE, INC.

By its Attorneys,

/s/ Michael F. Kraemer

Michael F. Kraemer (#6751)
HINCKLEY, ALLEN & SNYDER LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903
401-457-5196
401-277-9600 (fax)

Dated: September 4, 2008

CERTIFICATION

Stephen T. Fanning, Esq.
305 South Main Street
Providence, Rhode Island 02903

I hereby certify that on September 4, 2008, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

/s/ Michael F. Kraemer

#921889v1 (22055/135679)