**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**DIANA HUDON,** )
)
Plaintiff )
) C.A. No.: 08-127 ML
**v.** )
)
**AMERICAN CANADIAN**
**CARIBBEAN LINE, INC.**
Defendant

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER OBJECTION AND OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY**

Now comes the Plaintiff, Diana Hudon, and files this Memorandum in support of her Objection and Opposition to Defendant American Canadian Caribbean Line, Inc.'s Motion to Compel Discovery.

On September 4, 2008, the Defendant filed a Motion for Expedited Relief--Motion to Compel Discovery. Defendant seeks to compel the Plaintiff, Diana Hudon, to produce her cell phone at the office of defense counsel for the asserted purpose of having the defendant's information technology experts inspect, with their equipment, and access all multi media messages (MMSs) and text messages (TMs) contained in the cell phone and access their travel.

In support of Plaintiff's opposition and objection, Plaintiff states as follows:

1. Plaintiff filed a Complaint (C.A. No. 08-127 ML) against the Defendant alleging hostile work environment/retaliation, under Title VII of the Civil Rights Act of 1964, and Rhode Island law.

2. Plaintiff alleges in this action that two pornographic photographs and certain inappropriate text messages were sent to her personal cell phone by her Manager, Tracy Dame.

3. Hard copies of these photographs and text messages have already been produced to the Defendant.

4. Ms. Dame, through an Affidavit submitted by the Defendant to the Rhode Island Commission for Human Rights, admitted that two pornographic photographs were transmitted from her cell phone to the Plaintiff. (See Attachment 1, Paragraph 17).

5. Defendant, in its second request for production under Rule 34, requested "all cell phones you [plaintiff] used from the date of hire by defendant through December 31, 2007."

   Plaintiff responded: "The plaintiff's cell phone is available for inspection at a mutually convenient place and time for the Parties."

6. In an e-mail to Defense counsel, Plaintiff's counsel offered "you can come to the office [of Plaintiff's counsel] to inspect the Plaintiff's cell phone anytime from 10:00 AM to the end of the day on 9/9, 9/12, 9/16, or from 10:00 AM - 12:00PM on 9/11. Please let me know so I can inform my Client."

7. Defense counsel responded as follows: "The cell phone needs to be examined by our IT personnel, with our equipment, in our office. The examination may take more than one day to complete. When can you provide the cell phone for examination?"

8. Plaintiff informed Defense counsel that the Plaintiff objected to producing the cell phone under the circumstances outlined in Paragraph 7.
9. Plaintiff, as stated numerous times to Defense counsel, is more than willing to have the Defendant view the Plaintiff's cell phone to confirm that the images and text messages were indeed sent to Plaintiff by an employee of the Defendant. Plaintiff objects to turning over original evidence to the Defendant for the purpose of their IT personnel conducting an unrestricted examination that "may take more than one day to complete." Plaintiff has no assurances through the examination process proposed by the Defendant, that her personal property or its original evidence will be preserved and not destroyed.
10. Rule 34 entitles a party to "inspect, copy test or sample…any designated documents or electronically stored information.." It does not specify that a party may take possession of original electronic evidence for an extended and unspecified period of time, for an unrestricted examination, with no indication of any conditions or safeguards to prevent the destruction or loss of evidence that is crucial to the advancement of Plaintiff's claim.
11. Defendant's statement in Paragraph 8 of its Motion suggests that Plaintiff's counsel has "reneged" on an agreement reached before the presiding Judge. This statement is misleading. As the Rule 16 conference before the presiding Judge was ending and the Parties had already agreed to submit this case to the ADR program, Defense counsel made a comment to the effect that he still wanted to inspect the Plaintiff's cell phone. Plaintiff's counsel agreed. At no

time did Defense counsel indicate that he intended to take possession of the phone under circumstances that clearly have the potential to place original evidence in jeopardy, and Plaintiff never agreed to any such proposal.

12. In Paragraph 12 of Defendant's Motion, Defense counsel erroneously asserts again that Plaintiff has "reneged" on some commitment, averring that "the information contained in the cell phone would be prejudicial to [Plaintiff's] position," or because "she has destroyed the data…" These assertions are utterly false and irresponsible, and have no legitimate basis other than as bald speculation to advance Defendant's Motion and minimize the Plaintiff's legitimate concerns regarding placing crucial evidence in jeopardy.

13. Mediation has been scheduled in this matter, for September 25, 2008, and the Plaintiff continues to offer her cell phone for inspection under reasonable circumstances, in her counsel's office, which will not subject original and material evidence to possible damage or destruction.

**WHEREFORE, Plaintiff objects for the reasons articulated above and respectfully urges that the Motion be Denied. A hearing on this matter has been scheduled for September 19, 2008.**

Respectfully Submitted,
Diana Hudon
By Her Attorney
Stephen T. Fanning
/s/ Stephen T. Fanning
Stephen T. Fanning (#3900)
305 South Main Street
401-272-8250
401-272-4520 fax

**Certification**

I hereby certify that on September 11, 2008, a true and correct copy of the above was filed electronically. Notice of this filing will be sent by e-mail to counsel for the Defendant: Michael F. Kramer, Esq. by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

/s/ Stephen T. Fanning